UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JOHN MCKEE SHIVERDECKER and
DANADA ANITRA JEANETTE
SHIVERDECKER,

Case No.  DG 08-06277
Chapter 7
Hon. Scott W. Dales

Debtors.

_____/

## MEMORANDUM OF DECISION REGARDING MOTION TO APPROVE REAFFIRMATION AGREEMENT

PRESENT:   HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

On December 29, 2008, Debtors John and Danada Schiverdecker (the "Debtors") filed a reaffirmation agreement dated December 16, 2008 (the "Reaffirmation Agreement") (Doc. No. 25), approximately thirty-five days after the court entered the discharge order in this case (Doc. No. 23). Because the parties used Official Form B240 (as the court requires), and because that form includes a Motion for Court Approval at Part E, the filing of the Reaffirmation Agreement is also the filing of a motion for approval of the agreement.  For reasons set forth below, I will deny the motion, and will do so without putting the parties to the expense and delay of a hearing.

The Reaffirmation Agreement involves a debt in the amount of $8,490.02 (the "Debt") that the Debtors owe to Northland Automotive, Inc., doing business as J.D. Byrider of Grand Rapids ("Creditor").  The Debt is secured by a 2002 Ford Windstar. Because the Debtors negotiated the Reaffirmation Agreement without counsel, the Bankruptcy Code permits the court to approve the Reaffirmation Agreement only if the agreement does not impose an undue hardship on the Debtors or their dependents, and is in their best interests.  See 11 U.S.C. § 524(c)(6).  Without such approval, the Reaffirmation Agreement is not enforceable.

I also interpret the Bankruptcy Code as requiring the court to hold a hearing to advise the Debtors that they are not legally obligated to reaffirm this Debt, and to inform

them of the consequences of reaffirming it, and other rights they enjoy under the law. Perhaps most important, I interpret the statute as requiring me to make sure they understand that they have a limited right to rescind the Reaffirmation Agreement by giving the Creditor notice of their intent to rescind before the entry of discharge, or within 60 days after they filed the Reaffirmation Agreement, whichever date is later. Id. § 524(c)(4). I accomplish the statute's purposes by holding a hearing under Section 524(d). See Fed. R. Bankr. P. 4008.

In part to ensure that debtors have a meaningful right to rescind, Rule 4008 sets time limits for a reaffirmation hearing. Specifically, the rule provides that the court may hold a hearing under Section 524(d) "not later than 30 days following the entry of an order granting . . . a discharge . . ." See Fed. R. Bankr. P. 4008. Here, the court entered the discharge on November 24, 2008. Because the Debtors filed their Reaffirmation Agreement on December 29, 2008 (more than 30 days after entry of the discharge order), the court could not comply with the time limits prescribed in Rule 4008. More to the point, the court could not give the statutory advice in person, as the Bankruptcy Code requires, in time to make sure that the Debtors had a meaningful right to rescind.[1]

Moreover, even assuming for the sake of argument that the motion to approve the Reaffirmation Agreement were timely under Rule 4008, I would not be inclined to approve the agreement because it post-dates the entry of discharge on November 24, 2008. See 11 U.S.C. § 524(c)(1). As for the hardship inquiry, this agreement seems burdensome because it carries a 21% interest rate, and because it reaffirms a debt that, by the Debtors' account, exceeds the value of the 2002 Ford Windstar by approximately $3,400. To that extent, the Debtors would be reaffirming an unsecured debt, and this always causes me to hesitate before approving such an agreement. Under these circumstances, I would be unwilling to find that the Reaffirmation Agreement is enforceable.

---

[1] As the Code and rules require, the court enters discharge orders promptly after the deadline for objecting to discharge, or filing a motion under Rule 1017(e), passes. See Fed. R. Bankr. P. 4004(c)(1). Debtors, however, may put the brakes on the discharge if they need more time to negotiate reaffirmation agreements. Id. 4004(c)(2). Indeed, our court has provided an easy-to-use form-motion for this very purpose. See Exhibit 8 to Local Bankruptcy Rules.

This decision, of course, does not prevent the Debtors from voluntarily repaying the Debt that they sought to except from discharge. See 11 U.S.C. § 524(f). Rather, my refusal to approve the Reaffirmation Agreement means only that the Creditor cannot enforce it without violating the discharge injunction. Although there are no guarantees, it is conceivable that regular payments might induce the Creditor to forbear from enforcing its rights, including the right to repossess the vehicle.

The court will enter a separate order withholding approval of the Reaffirmation Agreement.

Dated: January 15, 2009
at Grand Rapids, Michigan

Scott W. Dales
United States Bankruptcy Judge